IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES ALBERT HODGE, JR.**                                                                     **PLAINTIFF**

v.                                           Case No. 4:18-cv-00814-KGB

**TWIN CITY TRANSPORTATION, INC.,** *et al.*                            **DEFENDANTS**

## ORDER

Before the Court is a motion for judgment on the pleadings filed by defendants Twin City Transportation, Inc. ("Twin City") and Bruce Stewart (Dkt. No. 29). In opposition, plaintiff Albert Hodge, Jr., has moved to deny defendants' motion for judgment on the pleadings (Dkt. No. 35). Mr. Hodge also has pending a motion for defendants to rebut Counts One and Two of his complaint, a motion for jury trial, and a motion for judgment (Dkt. Nos. 32, 33, 42). For the following reasons, the Court grants defendants' motion for judgment on the pleadings and denies Mr. Hodge's motion to deny defendants' motion for judgment on the pleadings (Dkt. No. 29). Additionally, the Court denies Mr. Hodge's motion for defendants to rebut Counts One and Two of his complaint, motion for jury trial, and motion for judgment (Dkt. Nos. 32, 33, 42).

**I.**      **Background**

Mr. Hodge originally filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Dkt. No. 2, at 3). Mr. Hodge has supplemented his initial complaint with several additional filings that the Court has construed as attempts to amend his complaint (Dkt. Nos. 2, 8, 14, 16, 17, \). These supplements allege defamation in violation of Arkansas Law; a violation of the Fourth Amendment for being subjected to an illegal search; a violation of the Fifth Amendment for being denied due process; and a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d-1 to -9

(*Id.*).[1]  Among the relief he seeks, Mr. Hodge, a citizen of Louisiana, seeks the following: "defendant[s] be directed to retract [their] statement to former [potential] employers"; "DOT one reporting office of drivers record as to having failed a drug test"; and "pay all legal fees/lost wages and [hardship] caused by defendant[s], in the amount of $250,000.00 or what may be appropriate" (Dkt. Nos. 14-1, at 4). The following facts come from these various filings.

Mr. Hodge states that he was an employee at Twin City on or around August 7, 2018, when he witnessed an accident while out making a delivery to Alweld Commercial Boats located at 1705 Hwy 88 E, Lonsdale, AR 72087 (Dkt. No. 2, at 4; 29, at 6, 8). Mr. Hodge spoke with law enforcement at the scene of the accident about what happened (Dkt. No. 29-2, at 8). The following day, Mr. Stewart had Mr. Hodge take a post-accident drug test pursuant to Department of Transportation ("DOT") drug-testing regulations (Dkt. No. 2, at 4). Mr. Hodge failed that drug test and was terminated (Dkt. Nos. 2, at 4, 8; 29-1, at 10). Initially, Mr. Hodge only alleged that he was wrongfully ordered to take this post-accident drug test and that DOT guidelines did not require him to take a post-accident drug test as a result of the accident (Dkt. No. 2, at 4). Mr. Hodge supplemented his allegations, however, and now claims that Mr. Stewart: (1) subjected him to an unlawful DOT post-accident drug test because of a previous political argument between Mr. Stewart and Mr. Hodge regarding former President Barack Obama and current President Donald Trump; (2) defamed him by writing letters to potential employers indicating that Mr. Hodge failed a random drug test in violation of Arkansas law; (3) required an unreasonable drug test in violation of the Fourth Amendment; (4) denied him due process of law under the Fifth

---

[1] Mr. Hodge cites the Arkansas Drug-Free Workplace Act, Arkansas Code Annotated § 11-14-106(a), in his supplemental filing (Dkt. No. 17, at 12). To the extent Mr. Hodge attempts to assert a claim under this statute, the Court dismisses the claim because there is no private right of action under that law. *See generally* Ark. Code Ann. §§ 11-14-101, *et seq.*

Amendment, made applicable to the States via the Fourteenth Amendment; and (5) required a consent form to be signed before conducting the drug test in violation of HIPAA (Dkt. No. 16, at 2-3). Mr. Hodge alleges that Mr. Stewart's actions were also based on race or color (Dkt. No. 17, at 5).

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In ruling on a motion for judgment on the pleadings, courts "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)); *see also Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (courts may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings). Such a motion is evaluated in the same manner as a Rule 12(b)(6) motion to dismiss. *McIvor v. Credit Control Serv., Inc.,* 773 F.3d 909, 912-13 (8th Cir. 2014). As a result, the Court will evaluate the instant motion under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure]

3

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Motion For Judgment On The Pleadings

Defendants move for judgment on the pleadings on the following five grounds: (1) there is no individual liability under Title VII as to separate defendant Mr. Stewart, and Mr. Hodge has admittedly failed to exhaust his administrative remedies under Title VII; (2) federal law preempts or otherwise bars any state common law claim relating to a DOT drug test or reporting the results of a DOT drug test in compliance with federal law; (3) there are no allegations of a false or defamatory statement made to a third party by defendants, and any statements made were privileged; (4) defendants are not state actors for purposes of plaintiff's Fourth and Fifth Amendment claims; and (5) there is no private right of action under HIPAA (Dkt. No. 29, ¶ 3). Defendants argue that these deficiencies prove fatal to Mr. Hodge's claims (*Id.*). In response, Mr. Hodge notes that this matter has been set for trial and argues that it is up to the jury to decide the facts of this case, including whether he was appropriately drug tested and whether he suffered discrimination or retaliation (Dkt. No. 35, at 2). Among the arguments he makes in opposition to defendants' motion, Mr. Hodge asserts that federal statutory law permits individual liability in the employment context (*Id.*, at 3).

Accepting all allegations contained in the complaint as true and drawing all reasonable inferences from the complaint in Mr. Hodge's favor, the Court considers defendants' asserted grounds for judgment on the pleadings in turn.

### A. Title VII

The Court grants defendants' motion for judgment on the pleadings as to Mr. Hodge's Title VII claims and grants judgment in favor of defendants on Mr. Hodge's Title VII claims.

Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). "[T]he obvious purpose of th[e] agent provision [of § 2000e(b)] was to incorporate respondeat superior liability into the statute." *Grissom v. Waterloo Indus., Inc.*, 902 F. Supp. 867, 870 (E.D. Ark. 1995) (alterations in original) (citation omitted). The Eighth Circuit Court of Appeals has consistently held that supervisors may not be held individually liable under Title VII. *See Griffin v. Webb*, 653 F. Supp. 2d 925, 933 (E.D. Ark. 2009) (quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 931 (8th Cir. 2007) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000))). Thus, "if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action." *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000). Accordingly, the Court grants judgment in favor of defendants on Mr. Hodge's Title VII discrimination and retaliation claims against Mr. Stewart in his individual capacity.

Additionally, "[a] Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. A claimant must first timely file an administrative charge with the [Equal Employment Opportunity Commission ('EEOC')]." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th

Cir. 2006) (citing 42 U.S.C. § 2000e-5(e); *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998)). A claimant must "set[] forth the facts and nature of the charge within 180 days of the discrimination and receive notice from the EEOC of the right to sue." *Lee v. Nucor-Yamato Steel Co.*, 667 F. Supp. 2d 1019, 1028 (E.D. Ark. 2009) (citing *Cottrill*, 443 F.3d at 634); *see also Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998) ("Under Title VII, an administrative charge must be filed within 180 days of the alleged discriminatory incident." (citing 42 U.S.C. § 2000e-5(e)(1))). Mr. Hodge admits that he has not written the EEOC or the Arkansas State Human Rights Commission, and Mr. Hodge admits that he did not file charges against defendants with the EEOC (Dkt. Nos. 8, at 4; 14-1, ¶ 6). Because Mr. Hodge was fired in August 2018, more than 180 days have passed since the alleged discriminatory or retaliatory incident. This delay leaves Mr. Hodge time-barred from now filing timely an administrative charge with the EEOC regarding the events about which he complains. Accordingly, the Court grants judgment in favor of defendants on Mr. Hodge's Title VII claims and dismisses with prejudice Mr. Hodge's Title VII claims against defendants.

### B. Defamation

Mr. Hodge alleges that defendants defamed him in violation of state law by informing potential employers that he failed a random drug test (Dkt. No. 16, at 3). Mr. Hodge claims this information is a lie because he failed a post-accident drug test, and Mr. Hodge claims the two tests are "quite different" (*Id.*). Defendants make three separate arguments regarding Mr. Hodge's defamation claims: (1) his defamation claim is preempted by federal law; (2) because his drug test results were reported in accordance with DOT regulations, he is barred from asserting a defamation claim against defendants under the facts alleged; and (3) he has failed to allege sufficient facts to state a defamation claim (Dkt. No. 30, at 6-12). Without ruling on defendants' first two arguments,

the Court agrees with defendants' argument that Mr. Hodge has failed to allege sufficient facts to state a defamation claim and dismisses Mr. Hodge's defamation claim on this ground.

Under Arkansas law, "[a] viable action for defamation turns on whether the communication or publication tends or is reasonably calculated to cause harm to another's reputation." *Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 402 (Ark. 2002) (citations omitted). The following elements must be proved to support a claim of defamation, whether it be by the spoken word, which is slander, or the written word, which is libel: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *See id.* (citations omitted). "Truth is a complete defense to a charge of defamation." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing *Wirges v. Brewer*, 389 S.W.2d 226, 228 (Ark. 1965)). "It is not necessary to prove the literal truth of the accusation in every detail but that the imputation is substantially true, or as it is often put, to justify the gist, the sting, or the substantial truth of the defamation." *Boellner v. Clinical Study Ctrs., LLC*, 378 S.W.3d 745, 757 (Ark. 2011) (citing *Pritchard v. Times Sw. Broad., Inc.*, 642 S.W.2d 877 (Ark. 1982)).

Mr. Hodge admits that he failed the drug test. He asserts defendants defamed him by informing potential employers that he failed a random drug test rather than a post-accident drug test (Dkt. Nos. 2, at 4; 16, at 3). He does not allege or attempt to explain why he believes this difference matters under the circumstances. Even construing all allegations contained in the complaint as true and drawing all reasonable inferences from the complaint in Mr. Hodge's failure, the Court does not see how this difference in the type or timing of the drug test gives rise to an actionable defamation claim against defendants. If defendants did tell potential employers that

7

Mr. Hodge failed a random drug test, that statement is still "substantially true" and "justif[ies] the gist, the sting, or the substantial truth of the defamation" given Mr. Hodge's admission that he failed the drug test in question. *Boellner*, 378 S.W.3d at 757 (citing *Pritchard*, 642 S.W.2d at 877). The Court sees no practical, legal, or factual difference between defendants telling potential employers that Mr. Hodge failed a random drug test and defendants telling potential employers that Mr. Hodge failed a post-accident drug test. The Court also sees no difference in the type or amount of potential harm to Mr. Hodge between defendants telling potential employers that Mr. Hodge failed a random drug test and defendants telling potential employers that Mr. Hodge failed a post-accident drug test. Accordingly, the Court grants judgment in favor of defendants on Mr. Hodge's state law defamation claims against defendants.

### C. Fourth And Fifth Amendment Violations

Mr. Hodge appears to allege that defendants violated his Fourth and Fifth Amendment rights by requiring him to take a DOT post-accident drug test (Dkt. No. 17, at 3). Citing *National Treasury Employees Union v. Von Raab*, 489 U.S. 656 (1989), Mr. Hodge claims that requiring employees to produce urine samples constitutes a "search" within the meaning of the Fourth Amendment and, as such, must meet the "reasonableness" requirements of the Fourth Amendment (*Id.*). Additionally, Mr. Hodge argues that the drug test involves the Fifth Amendment, made applicable to the States by the Fourteenth Amendment, which prohibits denial of life and property without due process of law (*Id.*).

The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.

Const. amend. IV. The Fifth Amendment, in relevant part, protects any individual from "depriv[ation] of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment, in relevant part, prohibits "any State [from] depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

"The Fourth Amendment applies only to state action, so it does not constrain private parties unless they act as agents or instruments of the government." *United States v. Stevenson*, 727 F.3d 826, 829 (8th Cir. 2013) (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984)). Additionally, "[i]t is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to private actions." *Florey v. Air Line Pilots Ass'n, Intern.*, 575 F.2d 673, 676 (8th Cir. 1978); *see also Am. Humanist Ass'n v. Baxter County, Ark.*, 143 F. Supp. 3d 816, 823 (W.D. Ark. 2015) ("With a few exceptions, . . . constitutional guarantees of individual liberty . . . do not apply to the actions of private entities." (citing *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991))); *Simpson v. Anthony's Funeral Home*, No. 3:07CV00064 JMM, 2007 WL 1626345, at *2 (E.D. Ark. June 5, 2007) ("With no state actor there can be no constitutional violation; therefore, there is no basis to award Plaintiff the relief he seeks." (citing *Williams v. Davis*, 200 F.3d 538, 539 (8th Cir. 2000))).

Nothing in the pleadings or attendant filings suggests that Twin City or Mr. Stewart should be considered state actors. Twin City is a private employer, as evidenced by its registration with the Arkansas Secretary of State (Dkt. No. 29-3). Mr. Stewart is a private citizen. Neither Twin City nor Mr. Stewart acted as agents or instruments of the government. Because Twin City is a private employer and Mr. Stewart is a private citizen, Mr. Hodge alleges no state action in this matter. Accordingly, the Court grants judgment in favor of defendants on any Fourth, Fifth, or Fourteenth Amendment claims Mr. Hodge alleges.

### D. HIPAA

Mr. Hodge appears to allege a HIPAA violation regarding defendants' requirement that consent forms be signed before his drug test (Dkt. No. 16, at 3). However, "HIPAA does not create a private right of action." *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citing *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. App'x 137, 139 (8th Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)). Because HIPAA does not create a private right of action, Mr. Hodge may not sue defendants for an alleged violation of HIPAA related to the consent forms. Accordingly, the Court grants judgment in favor of defendants on Mr. Hodge's claims under HIPAA.

### IV. Conclusion

For the above reasons, the Court grants defendants' motion for judgment on the pleadings and denies Mr. Hodge's motion to deny defendants' motion for judgment on the pleadings (Dkt. Nos. 29, 35). The Court grants judgment in favor of defendants on Mr. Hodge's Title VII; defamation; Fourth, Fifth, and Fourteenth Amendment; and HIPAA claims and denies the requested relief. Additionally, the Court denies Mr. Hodge's motion for defendants to rebut Counts One and Two of his complaint, motion for jury trial, and motion for judgment (Dkt. Nos. 32, 33, 42). Judgment will be entered accordingly.

It is so ordered this 7th day of April, 2020.

_____
Kristine G. Baker
United States District Judge